## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

KIM JAYNELLA,

       Plaintiff,

v.                                              Case No:  2:18-cv-164-FtM-99CM

MARC S. SCHNEIDER, M.D.,

       Defendant.

_____

### REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of the Joint Motion for Approval of Settlement (Doc. 10)[2] filed on April 26, 2018.  The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice.  Doc. 10.   For the reasons set forth herein, the Court recommends the settlement be **APPROVED** and Plaintiffs' claims be dismissed with prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must

scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Plaintiff Kim Jaynella filed a Complaint and Demand for Jury Trial, seeking recovery of wages under the FLSA against Defendants Marc S. Schneider, M.D. and the Schneider Centre for Plastic Surgery. Doc. 1. Defendants are engaged in business in Lee County, Florida. *Id.* ¶¶ 4-5. Defendants employed Plaintiff as a non-exempt surgical technician on an hourly wage basis from December 2017 to January 2018. *Id.* ¶¶ 22-23. Plaintiff claims she was not paid the agreed $13.00 per hour for the 35.25 hours she worked for Defendants. *Id.* ¶¶ 24, 26(a). Plaintiff also alleges Defendant failed to maintain proper time records. *Id.* ¶ 26(b). Thus, Plaintiff claims Defendants willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206. *Id.* ¶ 30.

In the proposed Settlement Agreement, Defendant agrees to pay Plaintiff a settlement amount totaling $916.50 in consideration for Plaintiffs' underlying claims for unpaid wages and liquidated damages. Doc. 10 at 7. As additional consideration to support the general release of claims in the Settlement Agreement, Defendants agreed to pay Plaintiff more than the amount to which she was entitled under her FLSA minimum wage claim.[3] *Id.*; *see* 29 U.S.C. § 206. Plaintiff believes

---

[3] The Court notes the parties represent the minimum wage for a § 206 violation as $8.25 per hour, but this is incorrect. *See* Doc. 10 at 2. Although $8.25 is the minimum wage in Florida, the minimum wage under the FLSA is $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C); *Minimum Wage Laws in the States, Florida*, United States Department of Labor (May 24, 2018, 9:15 AM), https://www.dol.gov/whd/minwage/america.htm. Because this discrepancy does not impact the reasonableness of the settlement terms, the Court will nevertheless recommend approval of the Settlement Agreement.

"she has been paid a fair and reasonable settlement for all work performed on Defendants' behalf, and that the settlement between the parties constitute[s] a fair and reasonable resolution of a bona fide dispute over FLSA issues . . . ." *Id.* at 3.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute.  Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation.  *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that

the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 10 at 2. Defendant agrees to pay Plaintiffs' attorney's fees and costs in the amount of $6,400.00. *Id.* The Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.     The Joint Motion for Approval of Settlement (Doc. 10) be **GRANTED;**

2.     The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 24th day of May, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 5 -